IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEAR OF GOD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANHUI QIYU TRADING CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-03785<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

### PLAINTIFF'S OPPOSED MOTION TO COMPEL

Plaintiff Fear of God, LLC ("Plaintiff" or "Fear of God") hereby moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendant No. 41, Nanjing Hanrun Paper Co., Ltd. ("Defendant") to respond to Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things, including sales receipts.[1]

### BACKGROUND

Defendant operates an interactive e-commerce store using the seller alias Nanjing Hanrun Paper Co., Ltd. on the Alibaba.com e-commerce platform ("Defendant's Alibaba Store").[2] *See* Declaration of Trevor C. Talhami (the "Talhami Decl.") at ¶ 2. Defendant targeted United States consumers by setting up and operating Defendant's Alibaba Store, a U.S.-facing Internet store in

---

[1] Defendant opposes this motion. Per this Court's Order [52], a proposed briefing schedule on this motion will be provided with the joint status report that the parties are to file on July 25, 2024, per [54].

[2] *See* **Exhibit 1** to the Talhami Decl., a true and correct copy of a screenshot of Defendant's Alibaba listing of the Counterfeit Product, showing a sales amount of over $320,000, the checkout page, order confirmation, and shipping confirmation of Defendant's Counterfeit Product to Plaintiff's investigators in Illinois. This screenshot was previously filed as part of Exhibit 3 [17-3] at pp. 31-40 to the Declaration of Glenn Milus [16].

1

English; setting up logistics for shipping an unauthorized product (the "Counterfeit Product") that infringes Plaintiff's registered trademarks (the "FEAR OF GOD Trademarks"), including explicitly shipping to the United States, including Illinois; advertising and offering for sale the Counterfeit Product to the United States, including Illinois; arranging to accept payment in U.S. dollars and/or funds from U.S. bank accounts; and standing ready, willing, and able to ship the Counterfeit Product to Illinois. [1] at ¶¶ 2, 22, 30-31; [16] at ¶¶ 18-19; Talhami Decl. at ¶ 2. Plaintiff's investigators purchased a Counterfeit Product from Defendant's Alibaba Store and the Counterfeit Product was received at the Chicago, Illinois shipping address. Talhami Decl. at ¶ 6.

On May 13, 2024, this Court granted Plaintiff's Motion for Entry of a Temporary Restraining Order (the "TRO") [22] against Defendant, which was subsequently converted to a Preliminary Injunction. [35]. On June 6, 2024, Defendant was properly served via e-mail (*see, e.g.,* [31]; [31-2] at p. 2) pursuant to this Court's Order. [22] at ¶ 7. On June 6, 2024, pursuant to the Court's Order [22], Plaintiff served its First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production (collectively, "Plaintiff's Discovery Requests") on Defendant. *See* Talhami Decl. at ¶ 3. The response deadline to Plaintiff's Discovery Requests elapsed on June 11, 2024. *Id.*

On July 9, 2024, this Court entered a Partial Final Judgment Order against all remaining defendants, with Defendant excepted. [49]. On July 23, 2024, Defendant filed Defendant's Motion to Dismiss [53] ("Defendant's Motion").

As of the filing of the present motion, Defendant has not produced any of the requested documents nor served any responses to Plaintiff's Discovery Requests. Talhami Decl. at ¶ 4. Among other information requested by Plaintiff's Discovery Requests, Defendant has failed to

2

provide information and/or documentation related to its actions targeting e-commerce sales to the United States through at least Alibaba.com.

### Local Rule 37.2 Meet and Confer Certification

On July 18, 2024, Plaintiff contacted Defendant to hold a Local Rule 37.2 meet-and-confer to discuss Defendant's failure to respond Plaintiff's Discovery Requests that were served on June 6, 2024. Talhami Decl. at ¶ 5. On July 18, 2024, Defendant confirmed it was unavailable for a Local Rule 37.2 meet-and-confer conference but that it would respond to Plaintiff's Discovery Requests by July 22, 2024. *Id*. On July 22, 2024, Defendant emailed Plaintiff advising that Defendant would be filing Defendant's Motion, but did not respond to Plaintiff's Discovery Requests. *Id*. On July 24, 2024, a Local Rule 37.2 meet-and-confer was held via teleconference. *Id*. As of July 25, 2024, Defendant has still not produced any of the requested documents nor served any responses to Plaintiff's Discovery Requests. *Id*.

As of the filing of this motion, the parties have exchanged multiple correspondences regarding Defendant's failure to respond to Plaintiff's Discovery Requests. Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

### **ARGUMENT**

**I.     Legal Standard**

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel discovery in situations

3

where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Defendant's Motion challenges whether personal jurisdiction can be exercised over Defendant. Plaintiff's Discovery Requests seek information and/or documentation relevant to addressing this issue. "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009); *LG Elecs., Inc. v. Quanta Computer Inc.*, 520 F. Supp. 2d 1061, 1072 (W.D. Wis. 2007) ("Jurisdictional discovery is appropriate where the existing record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery."). "The standard is low, but a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction." *Ticketreserve*, 656 F. Supp. at 782; *Esquivel v. Airbus Americas, Inc.*, 2021 WL 4395815, at *2 (N.D. Ill. May 3, 2021) ("The standard for a *prima facie* case of personal jurisdiction is a low one, and the Plaintiff here has met it.").

## II.     Defendant Should be Required to Respond to Plaintiff's Discovery Requests

Plaintiff respectfully requests that Defendant be ordered to respond to Plaintiff's Discovery Requests. Plaintiff's Discovery Requests were served on Defendant on June 6, 2024, with responses due in three (3) business days. Talhami Decl. at ¶ 3. Therefore, Defendant's responses were due on June 11, 2024. Defendant has not served any responses or produced any documents. *Id*. at ¶ 4. Among others, Defendant has not provided responses to Interrogatory Nos. 2-5, 7-9 and RFP Nos. 2-5, 8, which included requests for information and documentation relevant to Defendant's Motion, including Defendant's product listings and sales to the United States. All sales through Defendant's Alibaba Store are related and relevant for the purposes of jurisdiction.

*Roadget Bus. PTE. Ltd. v. Individuals*, No. 24 CV 607, 2024 U.S. Dist. LEXIS 119991, at *12 (N.D. Ill. July 9, 2024) ("The fact that Defendants conduct e-commerce business in Illinois is enough for a *prima facie* case that Roadget's claims regarding other products Defendants sell from the same online storefronts relate to Defendants' jurisdictional contacts with Illinois."). Consistent with Supreme Court precedent, sales of products to the forum by the Defendant, even if not the same products which form the basis of the claim, may be sufficient to find minimum contacts. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 362 (2021) ("None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do. As just noted, our most common formulation of the rule demands that the suit "arise out of or relate to the defendant's contacts with the forum."); *Roadget Bus. PTE. Ltd.*, No. 24 CV 607, 2024 U.S. Dist. LEXIS 119991, at *12 ("*Ford* holds that contacts need not be strictly causal—a claim arises out of sales to the forum state if that sale itself is actionable, but a claim may sometimes relate to sales of other goods in that forum."). Accordingly, Defendant is obligated to provide discovery on all of its sales to the United States.

In *Larry Zach v. The Individuals, P'ships and Unincorporated Ass'ns Identified on Schedule "A"*, No. 24-cv-01491 (N.D. Ill. Apr. 16, 2024) (unpublished) (Dkt. No. 90) (Kocoras, J.), the Court found the following to be "practical inquires and [would] be critical as the Court approaches the question of whether personal jurisdiction is proper here":

> "Who purchased the accused products? When were they purchased? What other products, other than the products identified previously by Plaintiff, was Defendant selling, and how many of the products are infringing? If the accused products were not sold to anyone in Illinois, where have the products been sold to, and to whom exactly have they been sold to? Are there any marketing efforts related to Defendant's accused products and incorporating these products into established channels of commerce to consumers in the Northern District of Illinois, the State of Illinois, and the United States? What stores, other than the defendant stores at issue, does the Defendant also operate? Are those stores selling products infringing Plaintiff's rights? What is the Defendant's overall revenue from sales of all

5

> products into the Northern District of Illinois, the State of Illinois, and the United States? Can those sales revenues be verified by Defendant's payment of taxes to the United States Internal Revenue Service or revenue service of any state or county in the United States? What contacts has Defendant had with Illinois consumers? What contacts does Defendant have with fulfillment services such as Amazon warehouses and shipping companies in Illinois and the United States?"

Interrogatory Nos. 2-5, 7-9 and RFP Nos. 2-5, 8, seek similar information and documentation related to the issue of jurisdiction, but Defendant has failed to provide any responses or documentation.

Information regarding Defendant's sales of all products to Illinois and to the United States is relevant to evaluating jurisdiction. *See Larry Zach*, No. 24-cv-01491 (N.D. Ill. Apr. 16, 2024) (unpublished) (Dkt. No. 90) (finding there was a genuine dispute about whether the Court could exercise personal jurisdiction over Defendant where "Plaintiff makes the potentially winning argument that by selling on Amazon, Defendant purposefully availed itself of Illinois."); *see also Christian Dior Couture, S.A. v. Liu,* No. 15 C 6324, 2015 U.S. Dist. LEXIS 158225, at *12-13 (N.D. Ill. Nov. 17, 2015) (finding personal jurisdiction based on the offer for sale of infringing product to Illinois and noting that "The record shows that Defendants have significant sales within the United States.").

Additionally, Defendant failed to perform any search to determine how many total infringing products were sold on Defendant's Alibaba Store or on any of the other e-commerce stores that Defendant may operate. Likewise, it is unknown whether Defendant had other infringing listings that were no longer active at the time Plaintiff learned of Defendant's infringement. Defendant also failed to turn over images and information regarding other product listings so that Plaintiff could review and determine if any additional products were infringing. It is not unreasonably burdensome for Defendant to perform a search and provide information and documentation regarding products that were listed for sale on its Alibaba store for the past five

6

years. *See Volkswagen Group of America, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A", et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data). Defendant should not be able to withhold relevant information regarding sales to the United States.

Responses to the Plaintiff's Discovery Requests are especially necessary since Defendant claims it has "made no sales of the accused items to Illinois." *See* [53] at p. 3. However, Plaintiff's investigators purchased a Counterfeit Product from Defendant's Alibaba Store and received the Counterfeit Product at the Chicago, Illinois shipping address. Talhami Decl. at ¶ 6. *See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624, 628 (7th Cir. 2022) (holding personal jurisdiction over online marketplace retailer proper in-part because defendant "structured its sales activity in such a manner as to invite orders from Illinois and developed the capacity to fill them"); *see also, BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-CV-03720, 2022 WL 7501046, at *2-3 (N.D. Ill. Oct. 13, 2022) (Seeger, J.) (following *NBA Properties*, finding personal jurisdiction over Alibaba.com marketplace operator proper because of defendant's willingness to ship infringing products into Illinois evidenced by sales invoice and chat); *Soclean, Inc. v. RespLabs Medical USA, Inc., et al.*, No. 21-CV-003422, 2022 WL 2818715, at *2-3 (N.D. Ill. July 19, 2022) (citing, *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 904 (N.D. Ill. 2015)); *Ouyeinc Ltd. v. Alucy, et al.*, No. 20-cv-3490 (N.D. Ill. June 25, 2021) (Gettleman, J.) (unpublished) (Dkt. No. 154) ("[c]ourts within this district routinely follow *Curry* and exercise personal jurisdiction over international e-commerce store operators) (citing *Curry v. Revolution Labs., LLC,* 949 F.3d 385, 392-93 (7th Cir. 2020)).

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this Court compel Defendant to provide full and complete responses to Plaintiff's Discovery Requests as authorized by this Court's Order [22].

Dated this 25th day of July 2024.    Respectfully submitted,

/s/ Trevor C. Talhami
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Fear of God, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Trevor C. Talhami
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Fear of God, LLC*